bencruzple

LEONARDO M. RAPADAS
United States Attorney
RYAN M. ANDERSON
Special Assistant U.S. Attorney
Sirena Plaza, Suite 500
108 Hernan Cortez Avenue
Hagåtña, Guam 96910
PHONE: (671) 472-7332
FAX: (671) 472-7334

Attorneys for the United States of America



**FILED**
DISTRICT COURT OF GUAM

SEP 2 1 2007 nba

**JEANNE G. QUINATA**
**Clerk of Court**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE TERRITORY OF GUAM

UNITED STATES OF AMERICA,

                Plaintiff,

      vs.

BEN JOE PEREZ CRUZ,

                Defendant.

) CRIMINAL CASE NO. 07-00071
)
)
)
)
) **PLEA AGREEMENT**
)
)
)
)

Pursuant to Rule 11(c)(1)(B), the United States and the defendant, BEN JOE PEREZ CRUZ, enter into the following plea agreement:

1. The defendant, BEN JOE PEREZ CRUZ, agrees to enter a guilty plea to Count I of an Indictment charging him with Theft of Government Property, in violation of Title 18, United States Code, Section 641. Counts II & III of the indictment will be dismissed after sentencing.

2. The defendant understands that the <u>maximum</u> sentence for Theft of Government Property in an amount greater than $1,000.00, in violation of 18 U.S.C. § 641, as a Class C felony as specified in 18 U.S.C. § 3559, is imprisonment for not more than ten years and a maximum fine of $250,000.00, together with any restitution as the court may order, and a $100 special assessment fee as set forth in 18 U.S.C. § 3013 . Any sentence of incarceration may include a term of supervised release of not more than three years as set forth in 18 U.S.C. § 3583(b)(2). If the court revokes a sentence of supervised release, the court may incarcerate the

Defendant up to an additional term of not more than two years as set forth in 18 U.S.C. § 3583(e)(3). The total $100 special assessment fee must be paid upon sentencing. The government will recommend that defendant receive the low end of the sentencing guidelines, a fine, and credit for time served, if any.

3. If defendant is financially unable to immediately pay the fine in full, defendant agrees to make a full disclosure of his financial status to the United States Attorney's Office by completing a Financial Disclosure Form (OBD-500) for purpose of fixing a monthly payment schedule. Defendant understands that, by law, interest accrues on any remaining balance of the debt.

4. The defendant understands that to establish a violation of Theft of Government Property, in violation of Title18, United States Code, Section 641, the government must prove each of the following elements beyond a reasonable doubt:

First, that the defendant knowingly and willingly stole property with the intention of depriving the owner of the use or benefit of the property;

Second, the property belonged to the United States; and

Third, the value of the property was more than $1000.

5. The defendant understands that the Sentencing Guidelines are advisory only. The Court may still utilize the sentencing guidelines as an aid to determine the sentence to be imposed. The government and the Defendant stipulate to the following facts for purposes of the sentencing:

a. The defendant was born in 1983 and is a citizen of the United States.

b. That beginning on or about January 2007 and continuing up to on or about February 2007 in the District of Guam, the defendant, BEN JOE PEREZ CRUZ, willfully and knowingly, did steal and purloin United States currency and property from the Navy Exchange, Guam. That the defendant, BEN JOE PEREZ CRUZ, knowingly and willingly stole the currency and property with the intention of depriving the owner of the use or benefit of the property. That United States currency and property from the Navy Exchange, Guam, is property of the United States. That the

- 2 -

value of the currency and property stolen and purloined from the Navy Exchange, Guam, was of the value of $3,349.98. That the currency and property from the Navy Exchange, Guam, had come into the possession of the defendant, BEN JOE PEREZ CRUZ, by virtue of him tendering and proffering checks with insufficient funds written by Izayah Santos to the Guam Navy Exchange Cashier Yvonne Santos at the Navy Exchange, Guam.

That on January 30, 2007, Izayah Santos drafted a worthless check totaling $499.99 for a vacuum cleaner and handed the check to the defendant, BEN JOE PEREZ CRUZ, who then tendered the worthless check to Yvonne Santos, who was the cashier. Later that same day, Izayah Santos returned the vacuum cleaner for cash after presenting the receipt that was given to the defendant, BEN JOE PEREZ CRUZ, earlier in the day.

That on February 6, 2007, the defendant, BEN JOE PEREZ CRUZ, entered the Navy Exchange with Izayah Santos. Izayah Santos handed the defendant, BEN JOE PEREZ CRUZ, a NEX gift card purchased with a worthless check which the defendant, BEN JOE PEREZ CRUZ, used to purchase merchandise.

That on February 7, 2007, Izayah Santos drafted two checks totaling $800.00 and $150.00, respectively. Izayah Santos handed the two checks to the defendant, BEN JOE PEREZ CRUZ, who tendered the checks to Yvonne Santos, who was the Navy Exchange cashier.

That on February 9, 2007, Izayah Santos drafted two checks totaling $800.00 and $1099.99, respectively. Izayah Santos then handed the two checks to the defendant, BEN JOE PEREZ CRUZ, who tendered the checks to Yvonne Santos, who was the cashier.

That during the entire criminal enterprise the defendant, BEN JOE PEREZ CRUZ, knew Izayah Santos was presenting him with worthless checks which he then presented to Yvonne Santos, the wife of Izayah Santos in her capacity as a cashier. That during the criminal enterprise, Yvonne Santos had been admonished by the Navy Exchange for servicing Izayah Santos in her capacity as a cashier which resulted in the defendant, BEN JOE PEREZ CRUZ, presenting the worthless checks written by Izayah Santos in his stead. That during the criminal enterprise, the defendant, BEN JOE PEREZ CRUZ, received stolen currency and property

- 3 -

acquired by Izayah Santos from his worthless check writing as a means to compensate him for his participation in the criminal enterprise.

6. The defendant agrees to be joint and severally liable for restitution in the amount of $3,349.98 to the Navy Exchange in Guam. The dollar amount of restitution the defendant is required to pay may be decreased by the value of the items recovered by the United States Government only if the items are determined to be marketable by the Guam Navy Exchange.

7. The defendant understands that notwithstanding any agreement of the parties, the United States Probation Office will make an independent application of the Sentencing Guidelines or determine an appropriate sentencing range. The defendant acknowledges that should there be discrepancies in the final Sentencing Guidelines or sentencing range, projected by her counsel or any other person, such discrepancy is not a basis to withdraw her guilty plea.

8. The defendant agrees to waive any right to appeal or to collaterally attack his conviction. The defendant reserves the right to appeal the sentence actually imposed in his case.

9. The defendant acknowledges that he has been advised of his rights as set forth below prior to entering into the plea agreement. Specifically, defendant has been fully advised of, has had sufficient opportunity to reflect upon, and understands the following:

a. The nature and elements of the charge and the mandatory minimum penalty provided by law, if any, and the maximum possible penalty provided by law;

b. His right to be represented by an attorney;

c. His right to plead not guilty and the right to be tried by a jury and at that trial, the right to be represented by counsel, the right to confront and cross-examine witnesses against him, and the right not to be compelled to incriminate himself, that is, the right not to testify;

d. That if he pleads guilty, there will not be a further trial of any kind on the charges to which such plea is entered so that by entering into the plea agreement, he waives, that is, gives up, the right to a trial;

e. That, upon entry of a plea of guilty, or thereafter, the Court may ask him questions about the offenses to which he has pled, under oath, and that if he answers these questions under

– 4 –

oath, on the record, his answers may later be used against him in a prosecution for perjury or false statement if an answer is untrue;

f. That he agrees that the plea agreement is voluntary and not a result of any force, threats or promises apart from his plea agreement;

g. That he reads, writes and speaks the English language and has no need for an interpreter;

h. That he has read the plea agreement and understands it; and

i. The Defendant is satisfied with the representation of his lawyer and feels that his lawyer has done everything possible for his defense.

DATED: 9-20-07

BEN JOE PEREZ CRUZ
Defendant

DATED: 7-20-07

RAWLEN M.T. MANTANONA
Attorney for Defendant

LEONARDO M. RAPADAS
United States Attorney
Districts of Guam and NMI

DATED: 9/21/07          By:

RYAN M. ANDERSON
Special Assistant U.S. Attorney

DATED: 9/21/07

JEFFREY J. STRAND
First Assistant U.S. Attorney

- 5 -